UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60588-CIV-COHN/SELTZER

JUDY COPELAND,

    Plaintiff,

v.

UNITED STATES, UNITED STATES
DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT and UNITED STATES
DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT, MIAMI FIELD OFFICE,

    Defendants.
_____/

**SCANNED**

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff Judy Copeland's Emergency Motion for Rehearing of the Court's Order of September 11, 2008 [DE 52]. Plaintiff seeks reconsideration of the Court's most recent Order denying Plaintiff's request to appoint counsel [DE 48]. The Court has considered the Motion and the record, and is otherwise fully advised in the premises.

### I. Background

Plaintiff's Amended Complaint, filed August 28, 2008 [DE 42], seeks judicial review of the investigation performed by the US Department of Housing and Urban Development ("HUD"), Miami Field Division into a decision that terminated Ms. Copeland's Section 8 housing benefits. Defendants filed a Motion to Dismiss the Amended Complaint on September 3, 2008 [DE 44], arguing that the investigation HUD undertook in Ms. Copeland's case is committed to agency discretion and is therefore

not reviewable by this Court. On the same day, Ms. Copeland filed an Emergency Motion to Appoint Counsel [DE 45]. The Court denied the motion on September 11, 2008 [DE 48]. Ms. Copeland has made several requests for the Court to appoint her counsel. However, the Court has repeatedly ruled that, at this early stage in the litigation, there is simply insufficient evidence on the record to support the appointment of counsel. On September 16, 2008, Ms. Copeland filed the Motion at issue seeking reconsideration of the Court's Order denying her request to appoint counsel [52].

This is the fourth lawsuit Ms. Copeland has brought regarding the termination of her Section 8 housing subsidy. On September 29, 2004, Ms. Copeland brought suit in Florida state court in Case No. 04-014877 against the Hollywood Housing Authority and several of its employees alleging defendants improperly terminated Ms. Copeland's participation in the Section 8 program. On August 31, 2004, that court granted summary judgment in favor of defendants and the Fourth District Court of Appeal affirmed the decision without explanation. On September 18, 2006, Ms. Copeland filed a similar action in state court – Case No. 06-14219 – alleging claims under § 1983. On May 22, 2007, the court in that action granted defendants' motions to dismiss with prejudice. Ms. Copeland first sought to appeal that dismissal, but then voluntarily dismissed the appeal to pursue her claims in federal court.

On June 13, 2007, Ms. Copeland filed a lawsuit in federal court, Case No. 07-60818-CIV-JORDAN, against the Hollywood Housing Authority and its employee, Tim Schwartz, alleging a violation of her due process rights in connection with the termination of her Section 8 housing benefits. On December 20, 2007, Judge Adalberto Jordan entered an order granting defendants' motion for summary judgment.

In that case, Judge Jordan denied Plaintiff's repeated requests for appointment of counsel. In response to Ms. Copeland's requests for counsel, both this Court and Judge Jordan referred Plaintiff's claims to the Volunteer Lawyer's Project, however, in both instances, Ms. Copeland's cases were deemed ineligible. In several of her submissions to this Court, Ms. Copeland has also represented that she is mentally impaired.

## II. Discussion

There is no constitutional right to counsel in a civil case. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). However, a court has discretionary authority to appoint counsel for indigent litigants in civil cases. 28 U.S.C. § 1915(e)(1); Bass, 170 F.3d at 1320. The appointment of counsel in such cases is a privilege "justified only by exceptional circumstances." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990). Determining whether exceptional circumstances exist is committed to the discretion of the court. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Exceptional circumstances may exist where the facts and legal issues are so complex that the assistance of counsel is warranted. Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). Further, "[i]n determining whether to appoint counsel, the district court typically considers, among other factors, the merits of the plaintiff's claim . . . ." Holt v. Ford, 862 F.2d 850, 853 (11th Cir. 1989).

The relevant statute also provides that a court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." See § 1915(e)(2)(B)(ii). The foregoing language is similar to the language of Rule 12(b)(6) indicating that the Court should apply the motion to dismiss standard to

screen the Amended Complaint. *Pro se* complaints are read in a liberal fashion and held to less stringent standards than pleadings drafted by a lawyer. GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). A complaint is frivolous under § 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless." Id. at 327, 109 S.Ct. at 1833.

The Court acknowledges that it may not automatically deny a plaintiff's request for counsel simply because it has not yet survived a dispositive pre-trial motion. See Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997). However, in this case, the Court has considered the following factors: the protections afforded to a *pro se* plaintiff at the motion to dismiss stage, the fact that this is the fourth lawsuit that Ms. Copeland has brought alleging similar claims, and Defendants' facial challenge regarding whether this Court has subject matter jurisdiction to review the claims in the Amended Complaint. These factors all weigh in favor of rejecting Ms. Copeland's request to appoint counsel until after the Court has determined whether the Amended Complaint survives Defendants' Motion to Dismiss and the Court's own review pursuant to § 1915(e)(2)(B)(ii). If the Amended Complaint is deemed to raise colorable claims, the Court will assess whether "exceptional circumstances" exist such that Plaintiff should be appointed counsel.

The Court is aware of the difficulties presented by Ms. Copeland's situation and has taken note of her assertion that she is mentally handicapped. The Court will continue to evaluate Ms. Copeland's need for assistance as the case progresses.

In addition, concurrent with the Motion for Reconsideration, Ms. Copeland also filed a Motion for Recusal [DE 53] arguing that the Court has demonstrated a lack of impartiality in refusing to appoint counsel in this case. As explained above, the Court has no obligation to appoint counsel to assist Ms. Copeland, and the Court will exercise its discretion to do so only upon findings that the Amended Complaint raises colorable claims and that this case presents "exceptional circumstances" warranting the appointment of counsel in a civil case.

### III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that:

1. Plaintiff's Emergency Motion for Rehearing [52] is **DENIED**; and

2. Plaintiff's Emergency Motion for Recusal [DE 53] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 19th day of September, 2008.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

Judy Copeland - *pro se*
2037 Madison St.
Apt. 2
Hollywood, FL 33020